IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION** |
| Plaintiff, | ) | **FOR RECONSIDERATION** |
| | ) | |
| vs. | ) | 2:07-cr-16 |
| | ) | |
| Corey Lorent Molsbarger, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a Motion for Reconsideration (Doc. #29) by Defendant Molsbarger. The government filed a response opposing the motion (Doc. #31).

This is Defendant's third attempt to convince the Court to suppress the evidence seized in a warrantless search Room 101 of the Grand Forks Ramada Inn on January 6, 2006. Defendant moved to suppress the items in a previous Motion (Doc. #16). An evidentiary hearing was held on June 7, 2007, and on July 17, 2007, the Court issued an Order denying the motion (Doc. #22). On July 19, Defendant moved for reconsideration of the Order (Doc. #24). Again, the Court denied the motion (Doc. #28). The instant motion was filed on August 29, 2007.

Defendant argues the Court should reconsider its Order Denying Motion to Suppress because Defendant, though subject to warrantless probationary searches by his probation officer, was not subject to warrantless probationary searches by police officers. In making this argument, it is again clear that Defendant does not understand the basis upon which the original Motion to Suppress was denied.

The Court denied Defendant's original suppression motion, as well as his first motion to reconsider, because Defendant had no reasonable expectation of privacy. See Smith v. Maryland,

1

442 U.S. 735, 740 (1979).  To establish a "reasonable expectation of privacy" in the legal sense, a defendant must show first, that he has an actual, subjective expectation of privacy and second, that he has an objective expectation of privacy, or an expectation that society would recognize as "reasonable."  Id.  In its original Order, the Court concluded that although Molsbarger established he had an objective expectation of privacy, he failed to establish he had an actual or subjective expectation of privacy. The Order stated:

> Molsbarger did not act as though he sought privacy.  See Conway, 73 F.3d at 979. He did not maintain control over the room, as he was apparently unconscious while others "partied" and came and went from the room.  Most importantly, he was aware he was subject to warrantless probationary searches.  This last fact puts Molsbarger in an untenable position: he must argue that he was a lawful occupant of Room 101 as to his expectation of privacy, simultaneously maintaining he was not the lawful occupant of Room 101 as to warrantless probationary searches.  Molsbarger knew he was subject to searches and had no subjective expectation of privacy.

(Doc. #22, p. 4).  The Court's second Order on the matter went into greater detail, stating:

> Molsbarger had no subjective expectation of privacy and, thus, fails the first prong.  He did not conduct himself as if he sought privacy.  See United States v. Conway, 73 F.3d 975, 979 (10th Cir. 1995).  He did not exhibit control over the room, in that people were coming and going while he was asleep.  The other occupants did not even know who had rented the room.  Furthermore, Molsbarger could not reasonably have had an actual expectation of privacy.  He had missed a court appearance one day prior and should have known there were warrants out for his arrest.  He testified he was on probation and was subject to warrantless probation searches.  The Eighth Circuit has held that probationers have a diminished expectation of privacy.  United States v. Brown, 346 F.3d 808, 811 (8th Cir. 2003). All these factors, combined, clearly establish that Molsbarger had no subjective expectation of privacy and, thus, has no standing to contest the search.

(Doc. #28, p. 2).  Now, Defendant argues that because his Probationary Terms required that warrantless probationary searches be conducted by a probation officer, the Court's Order was unfounded.  This argument simply misses the point.

Defendant's motion to suppress was denied because Defendant lacked standing to contest

2

the search.  He had no subjective or actual expectation of privacy because he failed to exhibit control over the room, likely knew there were warrants out for arrest, and knew that he could be searched at any time by his probation officer.  Defendant himself testified that he did not rent the room in his own name specifically to avoid warrantless searches.  It does not matter that law enforcement, rather than a probation officer, conducted this search.  This was not a probationary search, and the Court never declared it to be such.  The Court merely stated that Defendant's awareness that he was subject to probationary searches, among other factors, left him with a lowered expectation of privacy.

Defendant did not have a subjective expectation of privacy.  He has no standing to contest the search.  The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2007.

_____/s/   Ralph R. Erickson_____
Ralph R. Erickson, District Judge
United States District Court