IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Corey Lorent Molsbarger, | ) | |
| | ) | Criminal No. 2:07-cr-16 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING MOTION** |
| | ) | **TO VACATE SENTENCE** |
| United States of America, | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Corey Lorent Molsbarger's (hereafter "Molsbarger") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. #71). The Court, having carefully considered Molsbarger's arguments, finds no cognizable claim for relief. Thus, Molsbarger's motion for an evidentiary hearing is denied, his motion for the appointment of counsel is denied, his motion to vacate the sentence is denied, and his petition is dismissed with prejudice.

## PROCEDURAL HISTORY OF THE CASE

On February 14, 2007, Molsbarger was indicted for Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Doc. #1). Following a two-day trial, the jury convicted Molsbarger of possession with intent to distribute 50 grams or more of methamphetamine. The Court sentenced Molsbarger on December 11, 2007 to 192 months imprisonment. Judgment was entered on December 14, 2007 (Doc. #60).

Molsbarger appealed his conviction to the Eighth Circuit Court of Appeals, contending the Court improperly denied his motion to suppress evidence and the evidence was insufficient to support the jury's verdict. The Eighth Circuit affirmed the conviction in an opinion filed on January 6, 2009 (Doc. #69). The Court of Appeals issued the mandate on January 30, 2009 (Doc. #70). The

1

United States Supreme Court denied Molsbarger's petition for a writ of certiorari on May 4, 2009. Molsbarger v. United States, 129 S.Ct. 2168 (May 4, 2009). Thus, the one-year limitation period under 28 U.S.C. § 2255 began to run on May 4, 2009. Campa-Febela v. United States, 339 F.3d 993 (8th Cir. 2003). Molsbarger timely filed this § 2255 habeas petition on April 29, 2010.

**REQUEST FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

In his petition, Molsbarger requests an evidentiary hearing and also that counsel be appointed. A petitioner is entitled to an evidentiary hearing on his § 2255 petition unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting 28 U.S.C. § 2255(b)). A district court does not err in dismissing a petitioner's motion under § 2255 without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). Because Molsbarger's claims, which are based on unsupported allegations and contradict the evidence in the record, do not support a cognizable claim for relief, the request for an evidentiary hearing is denied.

"Where an evidentiary hearing is not required, the district court retains discretion to determine whether counsel should be appointed." United States v. Degand, 614 F.2d 176, 179 (8th Cir. 1980). In reviewing the petition, it is clear Molsbarger has adequately raised the issues he wants the Court to address and the appointment of counsel is unnecessary. Further, the record conclusively demonstrates that Molsbarger is entitled to no relief; therefore, the request for the appointment of counsel is denied.

**PETITIONER'S GROUNDS FOR RELIEF**

Molsbarger asserts the following grounds for relief, all under the category of ineffective assistance of counsel: (1) violation of due process rights resulting from an illegal search and seizure of the hotel room; (2) violation of due process rights for failure to give the jury a lesser included offense instruction; (3) violation of due process rights for failure to exclude "personal use" amount of methamphetamine from the sentencing calculation; (4) deprivation of fundamental right to a fair trial as a result of "cumulative error"; and (5) denial of effective assistance of appellate counsel. The Court has considered each of the issues raised by Molsbarger and finds no meritorious claim for relief.

**LAW AND ANALYSIS**

**I.     Alleged Illegal Search and Seizure**

Molsbarger claims his trial counsel was ineffective and/or the court erred in denying his motion to suppress methamphetamine found in the beer box in the hotel room. Molsbarger fails to explain how his counsel was ineffective. He simply reiterates the arguments he made on direct appeal. "Issues raised and decided on direct appeal cannot ordinally be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). The Court finds no basis to allow Molsbarger to relitigate this issue and, therefore, the first ground for relief fails as a matter of law.

**II.    Lesser Included Offense Instruction**

Molsbarger asserts his trial counsel was ineffective for failing to request a lesser included instruction. He contends the jury should have been instructed on the law of "simple possession." A defendant is entitled to an instruction on a lesser included offense if the evidence would permit

3

a rational jury to find him guilty of the lesser offense and acquit him of the greater. United States v. Jones, 586 F.3d 573, 575 (8th Cir. 2009).

During the search incident to arrest, officers discovered $940.00 in cash in Molsbarger's front pocket. The jury heard evidence that Molsbarger had agreed to supply Jason Mikula with methamphetamine. Another witness, Cory Olson, testified he purchased methamphetamine from Molsbarger on a previous occasion. Likewise, Ashley Bigalke purchased methamphetamine from Molsbarger on four or five occasions (Doc. #66, Trial Tr. 161).

Additionally, a Drug Enforcement Administration agent testified that the quantity of methamphetamine found in the hotel room was consistent with drug trafficking. It had a wholesale value of approximately $10,000 and a resale value on the street of between $16,000 and $34,000 (Doc. #66, Trial Tr. 134). Also, during the hotel room search, officers found a digital scale and a sandwich bag containing individual, smaller baggies in close proximity to the half-pound of methamphetamine. Officers testified that these items are indicators of drug trafficking. Further, while in jail, Molsbarger made telephone calls to other individuals about collecting money others owed him (Doc. #66, Trial Tr. 236-238).

In the Court's experience, quantities of methamphetamine consistent with personal use are under two grams. Addicts rarely stockpile personal stashes because they cannot afford it. In this case, a DEA agent with 20 years of experience testified that quantities of methamphetamine consistent with personal typically range from one gram to possibly an eight ball (Doc. #66, Trial Tr. 127). He further testified that individuals found with over an ounce of methamphetamine typically intend to distribute the drugs. Id. at 129. Molsbarger presented no evidence to contradict this testimony.

In light of the uncontradicted evidence, a rational jury could not acquit Molsbarger of possession with intent to distribute and convict him of simple possession. Thus, even assuming Molsbarger's attorney should have requested the lesser included instruction, the facts of the case would not have warranted the instruction and, therefore, Molsbarger cannot show prejudice. The Court rejects Molsbarger's claim that his counsel was ineffective for failing to request an instruction on simple possession. See Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997) (rejecting ineffective assistance of counsel claim made in a habeas corpus petition when the facts did not warrant a lesser included instruction).

### III.    Failure to Exclude "Personal Use" Amount of Drugs When Calculating Sentence

Molsbarger claims he was prejudiced when his counsel and/or the court failed to exclude from consideration for sentencing purposes his "personal use" amount of methamphetamine. He contends all 180 grams of methamphetamine were possessed for personal use.

In calculating the base offense level, a court may consider all drugs that were "a part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Fraser, 243 F.3d 473, 474 (8th Cir. 2001) (quoting U.S.S.G, § 1B1.3(a)(2)). In possession with intent to distribute cases, in contrast to conspiracy cases, keeping drugs for oneself is not within the common scheme or plan of the offense. Id.

Molsbarger did not present evidence at trial or at sentencing to support his claim that the methamphetamine was for personal use. However, the government produced more than sufficient evidence for a fact-finder to find beyond a reasonable doubt that Molsbarger possessed the methamphetamine with intent to distribute, and for the court at sentencing to find by the preponderance of the evidence the methamphetamine was possessed with intent to distribute.

In contrast to Molsbarger's unsupported allegations regarding personal use, the sheer quantity is indicative of an intention to distribute. See United States v. Mack, 343 F.3d 929, 934 (8th Cir. 2003) (intent to distribute may be shown by direct or indirect evidence and it may be inferred solely from the possession of a large quantity of drugs); United States v. Hall, 171 F.3d 1133, 1148 (8th Cir. 1999) (possession of a half-pound of methamphetamine was evidence of intent to distribute); see also United States v. Timley, 443 F.3d 615, 624 (8th Cir. 2006) (11 baggies with marijuana residue and large black trash bag containing green stems and marijuana residue found in garbage creates an inference that marijuana had been or was being packaged for distribution and that it was more than a "user quantity."); United States v. Armstrong, 253 F.3d 335, 336 (8th Cir. 2001) (upholding jury verdict finding the defendant guilty of possession with intent to distribute for an incident involving 36.4 grams of methamphetamine). Molsbarger's possession of approximately one-half pound of methamphetamine is overwhelming evidence of his intent to distribute.

Additionally, officers discovered in close proximity to the methamphetamine a digital scale. They also discovered a sandwich bag containing smaller baggies. The quantity of the methamphetamine combined with the proximity to other drug distribution paraphernalia supports an inference of possession with intent to distribute. See United States v. Trotter, 889 F.2d 153, 156 (8th Cir. 1989) (the quantity of the drugs, though not large, together with a large sum of money is sufficient to support an inference of drug dealing).

Moreover, Ashley Bigalke and Cory Olson testified they purchased methamphetamine from Molsbarger in the past. Another witness, Jason Mikula, testified Molsbarger had agreed to supply him with methamphetamine. Past sales to other individuals is evidence of an intent to distribute. United States v. Dawson, 128 F.3d 675, 677 (8th Cir. 1997) (prior sale of crack cocaine to

confidential informant evidence of intent to distribute); United States v. Turpin, 920 F.2d 1377, 1384 (8th Cir. 1990) (fact-finder can infer intent to distribute from evidence the defendant sold drugs on previous occasions).

Upon consideration of the overwhelming evidence supporting the conviction and sentence for possession with intent to distribute and the lack of any evidence supporting Molsbarger's claim that the methamphetamine was for personal use, Molsbarger has failed to show a reasonable probability that the outcome would have been different had counsel raised this issue at sentencing. See United States v. Regenos, 405 F.3d 691, 693 (8th Cir. 2005) (even assuming counsel performed deficiently, ineffective assistance of counsel claim fails when the petitioner cannot prove the result would have been different had counsel performed adequately). As such, Molsbarger's claim that his trial counsel was ineffective and that the Court erred when it sentenced him for possession with intent to distribute 180 grams of methamphetamine fails as a matter of law.

### IV. Deprivation of Right to a Fair Trial Due to Cumulative Error

Molsbarger claims he was deprived of his fundamental right to a fair trial due to "cumulative error" (Doc. #71, p. 31). In support of his claim, Molsbarger incorporates by reference the alleged errors claimed in the previous sections. To sustain such a claim, Molsbarger must demonstrate that the attorney did not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Smith v. United States, 635 F.2d 693, 697 (8th Cir. 1980). Moreover, the Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief." United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008). The Court, having already determined there has been no error or cognizable ineffective assistance of counsel claim, finds no merit to Molsbarger's claim that as a result of "cumulative error", he was deprived of his

right to a fair trial.

### V. Denial of Effective Assistance of Counsel on Direct Appeal

Molsbarger claims he was denied effective assistance of counsel on direct appeal (Doc. #71, p. 32). He contends his counsel should have raised the same issues he raises in this action.[1]

In order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. See Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (outlining same test used for ineffective assistance of counsel claims involving trial counsel). Appellate counsel is not required to raise every conceivable issue on appeal. Garrett v. United States, 78 F.3d 1296, 1306 (8th Cir. 1996). Here, appellate counsel raised two grounds for relief on direct appeal: (1) the court erred in denying the motion to suppress evidence seized in the hotel room; and (2) the jury verdict is not supported by the evidence.

Although Molsbarger seeks to relitigate the issue of the hotel room search in this proceeding, appellate counsel fully presented this issue on direct appeal. As to the issues regarding simple possession and personal use, the evidence simply does not support Molsbarger's arguments. Even assuming counsel should have raised the issues on direct appeal, Molsbarger has failed to show a reasonable probability the result would have been different. The Eighth Circuit determined the evidence supported the conviction for possession with intent to distribute. It is not reasonably probable that the Eighth Circuit would have concluded Molsbarger was entitled to a jury instruction on simple possession, or that the drug quantity finding was clearly erroneous in light of the evidence

---

[1] The Eighth Circuit denied trial counsel's motion to withdraw. Thus, Molsbarger was represented by the same lawyer at trial and on direct appeal.

that was before the Court and the standard for determining drug quantity that applies at sentencing. Because Molsbarger's claims fail as a matter of law under the prejudice prong of the Strickland test, Molsbarger's additional claim that his appellate counsel was ineffective also fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Molsbarger's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is hereby **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The Court certifies that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the Court finds that Molsbarger has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability.

If Molsbarger desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 27th day of September, 2010.

/s/   Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court